UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE OSCAR ROBLEDO NORIEGA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WILLIAMS, et al.<br><br>Defendants. | Case No.: 2:23-cv-01236-CDS-BNW<br><br>**ORDER**<br><br>(ECF No. 1) |

On August 8, 2023, Plaintiff Jose Oscar Robledo Noriega, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a pro se civil-rights complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1). The IFP application is incomplete because Plaintiff did not include a financial certificate and an inmate trust fund account statement for the previous six-month period. Plaintiff also did not personally sign either the IFP application or complaint. (*See* ECF Nos. 1 at 3, 1-1 at 6). Instead, both documents are purportedly signed by "Rev. Matthew Travis Houston" "under the express consent of" Plaintiff. (ECF Nos. 1 at 3, 1-1 at 6). The documents state Matthew Houston is a "lay advocate" and member of the American Bar Association. Matthew Houston appears to be an inmate in the custody of the NDOC and is not a licensed attorney.

    **A.**    **Plaintiff must file a self-signed amended complaint.**

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. A plaintiff who is not represented by a licensed attorney must personally sign his or her complaint. Fed. R. Civ. P. 11(a). Matthew Houston cannot sign the complaint because he is not a licensed attorney. And the Court cannot consider the complaint because Plaintiff did not personally sign it. The Court will grant Plaintiff an extension of time to file a signed amended complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means the amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to

pursue in this action. Thus, the submission of a mere signature page will not be enough. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be titled "First Amended Complaint."

      **B.**      **Plaintiff must file a new fully complete IFP application or pay the filing fee.**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

As explained above, the application to proceed *in forma pauperis* is incomplete because Plaintiff did not personally sign it and failed to include a financial certificate and an inmate trust fund account statement for the previous six-month period. Because Matthew Houston is not a licensed attorney, he cannot sign any documents for Plaintiff in this action. Plaintiff must personally sign his documents unless he is represented by a licensed attorney. The Court will grant Plaintiff an extension of time to file a new, fully complete application to proceed *in forma pauperis* or pay the full filing fee.

**I.**      **CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff will submit a signed first amended complaint to this Court on or before **October 30, 2023**.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice.

It is further ordered that on or before **October 30, 2023**, Plaintiff will either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a signed complaint and a complete application to proceed *in forma pauperis* or pay the required filing fee.

It is further ordered that the Clerk of the Court will send to Plaintiff Jose Oscar Robledo Noriega the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same; the approved form application to proceed *in forma pauperis* by an inmate, as well as the document titled information and instructions for filing an *in forma pauperis* application; and a courtesy copy of his original complaint (ECF No. 1-1).

DATED THIS 28th day of August 2023.

_____
THE HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE